IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,069-01






EX PARTE MICHAEL DAVIS SCHROEDER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W94-51829-J(A) IN CRIMINAL DISTRICT COURT THREE 


FROM DALLAS COUNTY





 Per curiam.

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation and was placed on probation for ten years. His probation was later revoked, and he was
sentenced to fifteen years' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel rendered ineffective assistance because he advised
Applicant at the revocation proceeding that he would be placed in a drug treatment facility, not
sentenced to prison. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000).
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial
court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection.
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether the performance of Applicant's
trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall, in addition, forward the record of the revocation proceeding to this Court. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 4, 2007

Do not publish